IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA    1—20
600 GRANBY STREET
NORFOLK, VIRGINIA 23510

BOBBIE RAY EDWARDS

v.

UNITED STATES DISTRICT COURT    CASE No. 2-22-Cr0053
OFFICERS                        28 USC 1313
TAMORA TICHERSON COURT REPORTER        AND
LORRAINE HOWARD, DEPUTY CLERK   FRCP 60(d)(3)
                                "FRAUD ON THE COURT"

## MOTION PURSUANT TO F.R.C.P. 60(d)(3)
### "FRAUD ON THE COURT"

Petitioner in preparing this litigation pro-se
without the assistance of counsel would
respectfully request liberal construction of this
argument and pleading accordingly. Haines v. Kerner
404 U.S. 519, 520 (1972) (per curiam); Dye v. Hofbauer
546 U.S. 1 (2005); Upshur v. United States 742 A. 2d
887, 896 (D.C. 1998)

## JURISDICTION

Rule 60(d)(3) provides that "this rule is not
limit on a court's power to.. Set aside a judgement
for Fraud on the court Fed Rule P. 60(d)(3)

"therefore, relief based on Fraud on the court involves corruption of the judicial process"

# CLAIM

WHERE THE GOVERMENT GAVE THE JURY CHARGE, TO THE JURY, AND THE JUDGE FAILED TO GIVE ORALLY ALOUD IN OPEN COURT A CHARGE ON THE ELEMENTS OF THE OFFENSES CHARGED IN THE INFORMATION OR INDICTMENT AGAINST THE DEFENDANT PURSUANT TO F.R.C.P 30 AND WHERE THE COURT REPORTER FALSIFIED DOCUMENTS COMMITTING "FRAUD ON THE COURT" PURSUANT TO F.R.P. 60(d)(3) WARRANTS AUTOMATIC REVERSAL.

# STATEMENT OF CASE

The non disclosure and coverup, as a matter of record of the fact that Judge Arenda Wright Allen "Invited error" by permitting the goverment, Laura Tayman to give in open court 64 instructions on charges against the defendant to the jury in open court proceeding Friday 6/8/2012 ECF # 963 and where Tamora Ticherson, court Reporter edited out that part

of the proceeding deliberately, deceitfully, dishonestly falsified documents Monday 6/11/2012 ECF #966 and transcripts of Case 4:11 Cr00055 AWA-DEM Document 1082 Filed 01/02/2013 page 15 of 17 ID#10312, proceeding in open court "Jury Charge" by Judge ARENDA WRIGHT ALLEN who never gave orally aloud in open court to the jury on the elements of the offenses charged against the defendant in the information or indictment. There are no minutes or audio tapes of such a proceeding in open court. Court Reporter Tamora Ticherson committed "Fraud on the Court" pursuant to 60(d)(3), not inadvertently, nor mistakenly but intentionally concealed the "invited error" by the court.

## STATEMENT OF FACTS

Judge Arenda Wright Allen never gave a jury charge on the elements of the offenses charged in the information or indictment against the defendant orally aloud in open court Friday 6/8/2012 ECF #963. It was insufficient to give a copy of the jury

charge made by the government, Laura Taynman of the 64 INSTRUCTIONS given by her to the jury to take back to the jury room to deliberate upon. The prosecutor Laura Taynman was complicit in the "INVITED error" pursuant to rule 30 and 60(d)(3). However, the records of this proceeding was edited out of the Friday 6/8/2012 ECF #963 proceeding by the Court Reporter Tamora Ticherson and Certified by Judge Arenda Wright Allen. The clerk of Court, Fernando Galino In response to a letter from from the defendant Requesting to purchase minutes of the "Jury Charge" made in open Court Monday 06/11/2012 recorded by the Court Reporter. The Clerk Responded:

Please be advised that the Jury (charge) instructions charged to The jury 6/8/2012 are not part of ECF #963
Also the closing statement of counsel is not part of ECF #966.

See attached letters from the clerk 2/17/2022; 2/25/2022 Also attach docket copy 06/08/2012 ECF #963; 06/11/2012 ECF #966

SEE ALSO: Attached document
4:11 Cr 00055-AWA-DEM DOCUMENT
# 966 filed Monday 06/11/12 page 1 of 2
page ID# 8008-09 falsified statement
of Tamora Ticherson, Court Reporter:

## JURY RECEIVED JURY CHARGE

See attached interjection of false Minutes
(cover up by Tamora Ticherson) in Transcripts
of Monday, June 11, 2012 (ECF No. 1082)
17 pages filed 01/02/13 page 15 of 17 pages
ID # 10312 Lines 1—7:

1. xxxxx      xxxxx                    xxxxx
2. ( the jury instructions are given by the Court
3. Closing arguments of attorneys, alternate juror excused
4. Jury deliberates, jury questions, jury verdict, jury argument
5. of Counsel concerning forfeiture, jury verdict, jury excused
6. And proceeding continued as follows )
7. xxxxx      xxxxx                    xxxxx

Lines 2-6 are interpolations, parenthesis
noteing interjections by the Court Reporter

Tamora Ticherson's digression from the Court Reporter Act pursuant to 28 U.S.C. 753 (b) that requires that court Reporter <u>shall</u> record verbatim (word for word) by shorthand or by mechanical means <u>all proceeding in Criminal cases had in open court</u>. This language is clear; Its requirements are mandatory.

The clerk of Court, Fernando Galindo's lett to defendant 2/25/2022 corroborates Petitione's Affidavit of proceeding held in open court Friday 6/8/2012 ECF # 963. See: attached Affidavit of Petitioner executed ██████ 2/26/2023

Tamora Ticherson after editing out the proceeding of the jury charge given by the prosecutor, Laura Tayman Friday 6/8/2012 ECF # 963 aspart of the Scheme to cover up the "INVITED Error" of Judge Arenda Wright Allen, placed a jury charge as given on different documents on Monday 6/11/2012 so as to be reviewed under a standard of "good faith."

When infact, there was No jury charge given orally aloud in open court on the Elements of information or charges in the indictment by Judge Allen who certified transcripts and

other documents knowing the court Reporter's conduct under the court Reporter's Act pursuant to 753(b) was deceitful, dishonest and not in "good faith". The court Reporter attempted to cover up an "invited error" by the court with indications that Judge Allen and the prosecutor Laura Taylor where complicitly involved.

## ADMINISTRATIVE REMEDY

Petitioner diligently sought access to the minutes of the jury charge given in open court by Judge Arenda Wright Allen on the elements of offenses charged in the information or indictment against Petitioner orally aloud in open court in order to pursue post conviction Relief. See memorandum to court Reporter 8/3/22, also memorandum to chief Judge Mark Davis 9/8/22 with no response from neither. These memorandums where followed by filing motion to access Federal Records pursuant to 28 USC 1331 Case No. 2-22-7 -CV00553. After Ms Teresa Frink contacted court Reporter Tamora Ticherson by phone inquired about the minutes of "Jury charge" made in

open court. The court Reporter Response was "I don't Know what I did with The minutes of The jury charge". Ms Feinks also asked about the backup audio tapes of the minutes concerning the jury charge. The court Reporter Responded "There was None".

After careful examinations of the records and letters of the clerk of Court Fernando Galindo a reflection an analyze of F.R.C. 30 it became apparent that Judge Avend Wright Allen had "Invited error" by allowing The prosecutor To give 64 instructions directly to the jury in open Court Friday 6/8/2012 ECF# 963 as Referred to by The clerk of Court Fernando Galindo. Present at the proceeding was also deputy clerk Lorrain Howard.

The fact that Court Reporter Tamora Ticherson edited out The "jury charge" made by the prosecutor and placed The charge made That Friday 6/8/2012 ECF# 963 on a Monday 6/11/2012 ECF# 966 Interjecting That it was made by Judge Allen when there was not, elevated the courts "invited error" to that of "Fraud on Court" pursuant To 60(d)(3). Deputy clerk Lorrain Howard was

also present and aware that Judge Arenda Wright Allen never gave a jury charge orally aloud on the element of the offenses charged in the information or indictment neither Friday 6/8/2012 ECF# 963 nor Monday 6/11/2012 ECF# 966 the information from the clerks office corroborates Petitioners Attached affidavit date 2/26/2023 Non disclosure of the Transcripts of the proceeding by the Court Reporter certified by Judge Allen as members of the court instilled uncertainty and cynicism.

## STANDARD OF REVIEW

Fed. R. Civ. P. 60(d)(3), See Travelers Index Co v Gore 761 F.2d 1549, 1551 (11th Cir 1985). FRAUD on the court constitute "only that species of fraud which does or attempts to defile the court itself, or is fraud perpetrated by officers of the court as that the judicial machinery cannot perform in the usual manner its impartial task of adjuging cases Travelers, 761 F.2d at 1551-52. Stated differently To prevail on a motion to set aside a judgement for fraud on the court the movant must show

an un constonable plan or shenne which is designed to improperly influence the court in its decision. United States v Wikers 2015 U.S. DIST LEXIS 96650 "6", 2015 WL 4571304 "See M.D Fla July 28, 2015) quoting Rozier v Ford Motor Company 573 F.2d 1332, 1338 (5th Cir 1978).

The Fourth Circuit explains "Fraud on the Court is Nebulous concept" that should be construed very narrowly lest it entirely swallow up Rule 60(b)(3). Fox 739 at 136 (Citing Great Coastal Express Inc, 675 F.2d at 1356). Proving fraud on the Court is a very high bar for any litigant and is limited to the "most egregious cases" where the integrity of the normal process of adjudication is seriously affected Id at 136-37 See also Great Coastal Express Inc 675 F2d 1356; Campbell v Shulkin U.S. DIST 197792, May 12, 2017.

Specific examples of what might "constitute Fraud on the Court include bribing a Judge, Tampering with a juror, or an officer of the Court including an attorney In re. Genesys Data Technologies Inc 204 F.3d 130 (4th Cir 2000).

A petitioner must establish that the fraud was material and deliberate United States v McDonald 161 F.3d 4 (4th Cir 1996) and

That Fraud could have been prevented through the ordinary adversary process <u>United States v. Hill</u> 694 F.2d. 277 (4th Cir 2016), Also "an impartial function of the Court has been directly corrupted. <u>Ramsay v Sanibel Landcaster</u> 2015 U.S. DIST LEXIS 80235, 2015 WL 3830891 (BD Va June 9, 2015). The doctrine particular to corruption of the judicial process itself. <u>Cleveland DemoTrow Co Azon Scrap</u> 827 F.2d 986 (4th Cir 1986)

To show Fraud on the court Rule 60(d)(3) the majority of the circuits have held that the movant must show (1) intentional (2) by an officer of the Court (3) which is directed at the Court itself (4) in fact deceives the court" <u>Herring v United States</u>, 424 F.3d 384, 386 (3rd Cir 2005); <u>United States v Buck</u> 281 F 3d 1336, 1342 (10th Cir 2002); <u>Campbel v Norton</u> 33 F.3d 1128, 1150, 357 U.S. App. D.C 306 (D.C. 2003); <u>United State v McDonald</u> No 97-7897 1998 U.S. App LEXIS 22873, 1998, WL 637184 at #4 (4th Cir Sept 8,1998) The sixth circuit, however has held that Fraud on the Court may be either" intentionally, false willfully blind to the truth or reckless disregard for Truth" <u>Rodriguez v Schwartz</u>, 965 App.8 504, 509 (6th Cir 2012)

# ARGUMENT

The court "invited error" when it allowed the prosecutor, Laura Tayman to give 64 instructions to the jury in open court as referred to in a letter from The Clerk of Court Fernando Galindo 2/25/2022 as "Jury Charge":

> Please be advised that the jury instructions charge to the jury (Friday) on 6/8/2012 are not part of ECF# 963,
> Also closing statements of counsel is not part of #966 (Monday 6/11/2012)"

Present at the proceeding Friday, 6/8/2012 ECF# 963 and the proceeding Monday, 6/11/2012 was deputy clerk Lorraine Howard who can attest as a matter of record that Judge Arenda Wright Allen fail to give orally aloud in open court on either occassion a jury charge on the eleven B of offenses charged in the information or indictment against the defendant.

After the "invited error" by the court pursuant to rule 30 the "INvited error" was elevated to "FRAUD on THE Court" pursuant FR Cu R 60 (d)(3) when court Reporter Tamara Ttcherson attempted to conceal and falsify Minutes of The "Jury Charge". Judge Allen certified the minutes. It was Insufficient merely to suggest by Judge Allen that she would provide a copy of The Instructions on 6/8/2012 made In open court by The prosecutor. The court Reporters conduct hinges on a violation of 18 U.C.C 1512 obstruction of Justice and 18-USC 1515 a federal proceeding. See People of Guam v. Marquez, 963 F.2d 1316 (9th Cir 1992). (The refusal of Trial Judge to read the element orally aloud to The jury compels an automatic Reversal).

In The instant case There wa no Instruction by the DISTRICT Judge orally aloud In open Court on The elements and Nature of the charge on offense In The Information or Indictment, nor was there a request for one. The court of Appeals in United States · v John Quinton Hutchinson 338 F.2d, 991, 1964

App LEXIS 3825 No 9460 (4th Cir 1969) held
in this court cannot and will not affirm a
conviction by a jury unless The District
Court (Judge) instructs as to the elements
of the offense charged in the information
or in dictment. Whether requested or not. The
Trial court cannot adopt by reference the
exposition of the law as argued to a jury
by counsel and escape the duty to instruct
under rule 30 of The Rules of Criminal
Procedure. the most important and essential
elements of the crime charged. There can
be no substitute for such instructions to the
jury by the judge in The presence of counsel
and defendant. United States v Noble, 155 F. 2d
315 (3rd Cir 1946). Defendant asserted that
The Trial Judge failed to properly instruct
the jury as to the nature and elements of
the crime was error. See United States v Steven
Polowichak, 783 F.2d 410, 1986 U.S. App.
LEXIS 22073 held the court would not affirm
a conviction of defendant by a jury unless
the district court instructed the jury about
the elements of the offense charged in the
information or indictment. whether Requested

or NOT. See United States v Hutchinson, 338 F.2d 991 (4th Cir 1964); See also United States v Head 641 F.2d 182, 184 (4th Cir 1965).

Judge Arenda Wright Allen by certifying Transcripts permitted Tamora Tickerson, court Reporter to alter the transcripts, where the Court Reporter ACT 753(b) mandates verbatim (word for word) of proceeding held in open court proceeding such as the proceeding held in open court Friday 6/8/2012 ECF # 963. The court Reporter attempted to conceal material deliberately that would deceive the court of Appeals by editing out the "invited error". Where the judge allowed the prosecutor to give 64 jury instructions to the jury in an open court proceeding Friday 6/8/2012 ECF # 963. Then later modified electronically or duplicative as a "Revised" Recommendation" Jury instructions" by the prosecutor. Laura Tayman reflected on the docket Now as 05/29/2012 ECF # 953. Also edited out of the same proceeding held Friday 6/8/2012 ECF # 963 was the statement by the judge to defense attorney, Jason Dunn would he "like to add any thing to the prosecutor's 64 instruction which he added 37 instructions. After which

The judge stated to the jury "You will receive a copy of the instructions to take to the jury room to deliberate over. The same 8 instructions added by Jason Dunn appeared Modified electronically or duplicative of a "Supplemental Instruction reflected 05/30/2012 on the docket ECF #955 a day after the prosecutor's "Revised Recommendation" Flawed because attorney Melinda Clayoke's (first defendant attorney) written Recommended Instructions not read orally aloud to the jury as the prosecutors since rule 30 procedure was changed by the court. However the proceeding on the "jury charge" was edited out by the court Reporter certified records by the judge as if it never occurred. The clerk of Court Fernando Galindo acknowledge that the "jury charge" was given but does not mention it was given by the prosecutor in letter to Petitioner 2/25/2022 Attached it Reads:

PLEASE BE ADVISED THAT JURY
INSTRUCTIONS CHARGED TO THE JURY

ON 6/8/2012 ARE NOT PART OF ECF#963
ALSO THE CLOSING STATEMENT OF COUNSEL
NOT PART OF ECF # 966

Yet, The document #963 Filed 6/8/2012
page 1 of 2 #8000 Attached indicate that
the jury is not part of the open court
court proceeding where Judge Arenda Wright
Allen was present, deputy clerk Lorraine
Howard and Court Reporter Tamara Ticherson
all were present and the document
indicates jury charge was edited
out of The proceeding as stated in The
Clerk of Court Fernando Galindo's letter
2/25/2012 Also his letter supports
Petitioner's affidavit attached.
Als Judge Arenda Wright Allen, deputy
clerk Lorraine Howard and court Reporter
Tamara Ticherson were present at the
open court proceeding document #966
filed 6/11/2012 page 1 of 2 ID# 8008
Attached. In This proceeding the
Court Reporter falsified The document
E.F.C. #966 Certified by Judge Allen
That "Jury Received Court's charge"

When infact Judge Allen never gave in open court orally aloud in open court a Jury charge on The elements of the offenses Charged in the information or indictment against the petitioner Monday 6/11/2012 ECF # 966 there no minutes nor audio Tapes to the support Jury charge on Monday 6/11/2012 by Judge Allen nor 6/8/2012.

Also the document of a "Jury charge" given by Judge Allen in The Transcript Case 4:11-Cr-00055-AWA-DEM Document 1082 Filed 01/02/2013 Page ID #10312 amount to false and to be Certified by Judge Allen is egregious as it amounts To "fraud on the Court" pursuant to 60(d)(3).

## IN CONCLUSION

Because of the forementioned, the court should require an evidentiary hearing to determine disputed facts; vacate or Motion the court of Appeals To "recall The mandate"; reverse for a New Trial a result of a grave Miscarriage

of justice. Also the recusal of Judge Arenda Wright Allen involving any post conviction motion pending of Petitioner.

Pursuant To 28 USC 1746 I Bobbie Ray Edwards declare under the penalty of perjury that the foregoing is True and correct. Executed October, 31, 2023

BOBBIE RAY EDWARDS #10497007
/s/ Bobbie R Edwards
U.S.P HAZELTON
P.O BOX 2000
BRUCETON, MILLS, WV
26525

of justice. Also the recusal of Judge Arenda Wright Allen involving any post conviction motion pending of Petitioner.

Pursuant To 28 USC 1746 I Bobbie Ray Edwards declare under the penalty of perjury that the foregoing is True and correct. Excuted October, 31, 2023

BOBBIE RAY EDWARDS #10497 007
/S/ _Bobbie R Edward_
U.S.P HAZELTON
P.O BOX 2000
BRUCETON, MILLS, WV.
26525

# CERTIFICATE OF SERVICE

I certify that on 31 of October, 2023
the foregoing motion pursuant to 28
U.S.C. 1331 and F.R.C.P 60(d)(3)
"FRAUD ON THE COURT" was filed with the
clerk of court, United States District
court for Eastern District, 600 GRANBY
Street, Norfolk Virginia 23510. In
addition a copy of the forgoing was mailed
To:

Devon E.A. Heath
Assistant United State Attorney
CC: DOJ
CC: ACLU
Attorney for Government
CC: Georgetown
United States Attorneys Office
Prison Project
Fountain Plaza Three Suite 300
CC: Washington Post
721 Lakefront Commons
CC: Congress
Newport News, Virginia.
Judial Comm.
23606
CC: Virginia Law Sch
CC: Teresa Frink.

Respectfully Submitted
BOBBIE REDWARDS
/s/

10/31/2023

# CERTIFICATE OF SERVICE

I certify that on 31 of October, 2023 the foregoing motion pursuant to 28 U.S.C. 1331 and F.R.C.P. 60(d)(3) "FRAUD ON THE COURT" was filed with the Clerk of Court, United States District Court for Eastern District, 600 GRANBY Street, Norfolk Virginia 23510. In addition a copy of the forgoing was mailed To:

cc: D.O.J
cc: ACLU
cc: Georgetown
    Prison Project
cc: Washington Post
cc: Congress
    Judial Comm.
cc: Virginia Law Sch
cc: Teresa Frink.

Devon E.A. Heath
Assistant United State Attorney
Attorney for Government
United States Attorneys Office
Fountain Plaza Three Suite 300
721 Lakefront Commons
Newport News, Virginia.
            23606

Respectfully Submitted
BOBBIE R EDWARDS
/s/

10/31/2023

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

FERNANDO GALINDO
CLERK OF COURT

MARK DAVIS
CHIEF JUDGE

February 17, 2022

Bobbie Ray Edwards, #10497-007
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

RE:     USA v. Taylor et al
        4:11cr55

Dear Mr. Edwards,

The Clerk's Office is in receipt of your letter dated February 13, 2022.

The page counts for the requested documents are listed below:

       Notice of Armed Criminal Status (ECF No. 954): 11 pages
       Supplemental Jury Instructions (ECF No. 955): 6 pages
       Jury Trial Minutes for Day #4 (ECF No. 963): 2 pages
       Jury Trial Minutes for Day #5 (ECF No. 966): 2 pages

The closing arguments and jury instructions could not be located on the docket.

The fee for documents is $0.10 (ten cents) per page. If you wish to purchase copies of these documents, payment by check or money order should be made in the amount of $2.10 payable to Clerk, U.S. District Court, and mailed to this office along with the written request. It is imperative that payment of the exact amount due be remitted, as the Clerk's Office cannot accept overpayments, and same will be returned unprocessed.

Sincerely,

/s/
Fernando Galindo, Clerk
By: Deputy Clerk

(ADDENUM 2)

9-89

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA

FERNANDO GALINDO
CLERK OF COURT

MARK DAVIS
CHIEF JUDGE

February 25, 2022

Bobbie Ray Edwards
Register Number: 10497-007
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

RE: USA v. Bobbie Ray Edwards
4:11cr55

Dear Mr. Edwards,

The Clerk's Office is in receipt of your letter requesting copies that was received from Ms. Teresa Frink with payment. Included with this letter are copies of the requested documents – ECF #954, ECF #955, ECF #963, ECF #966, and ECF #1051.

Please be advised that the jury instructions charged to the jury on 6/8/2012 are not part of ECF #963. Also, the closing statement of counsel is not part of ECF #966.

Thank you.

Sincerely,

/s/
Fernando Galindo, Clerk
By: Deputy Clerk

(ADDENUM 3)

| | | |
|---|---|---|
| 06/07/2012 | 961 | Jury Trial proceedings (Day #3) held before District Judge Arenda L. Wright Allen as to Bobbie Ray Edwards on 6/7/12. Laura Tayman present on behalf of the government. Jason Dunn present on behalf of the defendant. Defendant present and in custody. Court addressed a juror with a possible need to be excused. Government resumed presentation of evidence before jury. Court read into the record and filed in open court the Joint Trial Stipulations(1) re Exhibits 9-A, 9-B and 9-C. Jury excused until 9:00 a.m. tomorrow, 6/8/12 for continuation of jury trial.(Court Reporter Tamora Tichenor.) COURT HOURS: 9:00 a.m. - 4:05 p.m. LUNCH RECESS: 12:30 p.m. - 1:30 p.m.(lhow) (Entered: 06/07/2012) |
| 06/07/2012 | 962 | JOINT STIPULATIONS (#1) by USA and Bobbie Ray Edwards as to Bobbie Ray Edwards. Court read stipulations into the record and filed. (lhow) (Entered: 06/08/2012) |
| 06/08/2012 | 963 | Jury Trial proceedings (Day #4) held before District Judge Arenda L. Wright Allen as to Bobbie Ray Edwards on 6/8/2012: Laura Tayman present on behalf of the government. Jason Dunn present on behalf of the defendant. Defendant present and in custody. Matter came on for Day #4 of trial with jury.Government resumed presentation of evidence before jury. Court read into the record and filed in open court the Joint Stipulations (2). Government rested.Jury excused until 9:00 a.m. Monday, 6/11/12 for continuation of jury trial.Out of the presence of the jury Oral Motion for Judgment of Acquittal on all Counts by counsel for defendant. Court ruled and FINDS sufficient evidence for case to go to jury. Out of the presence of the jury, the Court and counsel reviewed the jury instructions. Court adjourned (Court Reporter Tamora Tichenor.) COURT HOURS: 9:00 a.m. - 3:10 p.m. LUNCH RECESS: 12:30 p.m. - 1:30 p.m. (lhow) (Entered: 06/08/2012) |
| 06/08/2012 | 964 | JOINT STIPULATION (#2) by USA and Bobbie Ray Edwards. Court read stipulation into the record and filed in open court. (lhow) (Entered: 06/08/2012) |
| 06/11/2012 | 966 | Jury Trial proceedings (Day #5) held before District Judge Arenda L. Wright Allen as to Bobbie Ray Edwards on 6/11/2012: Laura Tayman present on behalf of the government. Jason Dunn present on behalf of the defendant. Defendant present and in custody. Matter came on for Day #5 of trial with jury. Defendant presented evidence and rested before jury. Jury excused. Out of the presence of the jury, counsel for defendant renewed Oral Motion for Judgment of Acquittal on all counts. Court ruled and FINDS sufficient evidence for case to go to jury. Jury received Court's charge. Closing statements of counsel heard. Alternate juror excused. Jury retired with instructions to begin their deliberations, returning later with a verdict. Special Verdict read into the record and filed in open court. Jury polled on special verdict, all answering in the affirmative. Jury received Courts charge re forfeiture. Arguments heard by counsel re forfeiture. Jury again retired with instructions to begin their deliberations re forfeiture, returning later with a verdict. Special Verdict No. 1 read into the record and filed in open court. Jurors excused. Sentencing Procedures Order entered and filed in open court. Unsigned copy of Sentencing Procedures Order furnished to defendant. Sentencing set for October 19, 2012 at 11:00 a.m. in the Courthouse in Norfolk. Motion of government to substitute tangible items of evidence for photos. Motion granted by the Court. Defendant remanded to the custody of the USM. (Attachments: # 1 Witness List, # 2 Exhibits List) (Court Reporter Tamora Tichenor.) COURT HOURS: 9:00 a.m. - 3:35 p.m. Lunch Break: 1:05 p.m. - 2:05 p.m.(lhow) (Entered: 06/12/2012) |

| 05/21/2012 | 946 | ORDER denying 388 Motion to Suppress as to Bobbie Ray Edwards (10); denying 580 Motion to Suppress as to Bobbie Ray Edwards (10). Signed by District Judge Arenda L. Wright Allen on 5/18/2012 and filed 5/21/2012. (tjoh, ) (Entered: 05/21/2012) |
|---|---|---|
| 05/23/2012 | 948 | NOTICE *of Intention to Use Rule 404(b) Evidence* by USA as to Bobbie Ray Edwards (Tayman, Laura) (Entered: 05/23/2012) |
| 05/24/2012 | 949 | Transportation Order as to Bobbie Ray Edwards. Signed by District Judge Arenda L. Wright Allen on 05/23/2012 and filed 05/24/2012. (tjoh, ) (Entered: 05/24/2012) |
| 05/29/2012 | 951 | *PROPOSED FORFEITURE JURY INSTRUCTIONS OF THE UNITED STATES* Proposed Jury Instructions by USA as to Bobbie Ray Edwards (Putney, Scott) (Entered: 05/29/2012) |
| 05/29/2012 | 953 | Proposed Jury Instructions by USA as to Bobbie Ray Edwards (Tayman, Laura) (Entered: 05/29/2012) |
| 05/29/2012 | 954 | NOTICE *of Armed Career Criminal Status* by USA as to Bobbie Ray Edwards (Attachments: # 1 Exhibit First, # 2 Exhibit Second, # 3 Exhibit Third)(Tayman, Laura) (Entered: 05/29/2012) |
| 05/30/2012 | 955 | *Supplemental* Proposed Jury Instructions by Bobbie Ray Edwards (Dunn, Jason) (Entered: 05/30/2012) |
| 05/30/2012 | 956 | Subpoenas issued (tjoh, ) (Entered: 05/31/2012) |
| 06/05/2012 | 957 | Jury Trial proceedings (Day 1) held before District Judge Arenda L. Wright Allen as to Bobbie Ray Edwards held on 6/5/2012: Laura Tayman present on behalf of the government; Jason Dunn present on behalf of the defendant; Defendant present and in custody; Petit jurors were sworn, examined on voir dire and from said panel came a jury who were duly sworn. Jurors not serving excused. Opening statements of counsel heard. Government presented evidence. Voir Dire held on 6/5/2012. Jury Trial continued for 6/6/2012 at 09:00 AM in Newport News Courtroom 1 before District Judge Arenda L. Wright Allen. (Court Reporter Tamora Tichenor.)(lhow) (Main Document 957 replaced on 6/6/2012) COURT HOURS: 10:00 a.m. - 4:55 p.m. LUNCH RECESS: 1:15 p.m. - 2:30 p.m. (lhow, ) (Entered: 06/05/2012) |
| 06/06/2012 | 960 | Jury Trial proceedings (Day #2) held before District Judge Arenda L. Wright Allen as to Bobbie Ray Edwards on 6/6/2012. Laura Tayman present on behalf of the government. Jason Dunn present on behalf of the defendant. Defendant present and in custody. Matter came on for Day #2 of trial with jury.Out of the presence of the jury, Rule 404(b) before the court. Objections heard and overruled by the Court. Out of the presence of the jury, Rule 609 before the court by the government. The court notified counsel that a ruling will take place at the appropriate time. Out of the presence of the jury, court brought forth matter of a juror seeking to be excused. No objections of counsel. The juror in question came before the court and notified the court the conflict/issue was resolved and no longer necessary to be excused. Government resumed presentation of evidence before jury. Jury excused until 9:00 a.m. tomorrow, 6/7/12 for continuation of jury trial. (Court Reporter Tamora Tichenor.) COURT HOURS: 9:00 a.m. - 5:00 p.m. LUNCH RECESS: 1:00 p.m. - 2:00 p.m. (lhow) (Entered: 06/06/2012) |

| 12/01/2011 | 586 | MOTION in Limine *to Exclude Evidence of Other Bad Acts* by Bobbie Ray Edwards. (Glaubke, Melinda) (Entered: 12/01/2011) |
|---|---|---|
| 12/01/2011 | 587 | Memorandum in Support by Bobbie Ray Edwards re 586 MOTION in Limine *to Exclude Evidence of Other Bad Acts* (Attachments: # 1 Exhibit)(Glaubke, Melinda) (Entered: 12/01/2011) |
| 12/07/2011 | 610 | Subpoenas issued (tjoh, ) (Entered: 12/09/2011) |
| 12/08/2011 | 609 | RESPONSE in Opposition by USA as to Bobbie Ray Edwards, Bettina May Perry re 589 MOTION to Sever Defendant, 584 MOTION for Separate Trial on Counts Bobbie Ray Edwards (10) Count 23s,24s, 580 MOTION to Suppress, 586 MOTION in Limine *to Exclude Evidence of Other Bad Acts*, 591 MOTION to Strike *Surplusage and Motion to Exclude Other Bad Acts*, 582 MOTION to Sever Defendant, 593 MOTION for Discovery *Preservation of Notes* (Tayman, Laura) (Entered: 12/08/2011) |
| 12/14/2011 | | Motions Hearing set for 12/16/2011 at 10:00 AM in Norfolk Courtroom 3 before District Judge Arenda L. Wright Allen. (lhow) (Entered: 12/14/2011) |
| 12/14/2011 | 620 | MOTION for Issuance of Subpoenas by Bobbie Ray Edwards. (Attachments: # 1 Proposed Order, # 2 Exhibit)(Glaubke, Melinda) (Entered: 12/14/2011) |
| 12/14/2011 | 621 | Subpoenas issued (tjoh, ) (tjoh, ). (Entered: 12/14/2011) |
| 12/14/2011 | | Terminate Motions hearing set for 12/16/11 at 10:00 a.m. (lhow) (Entered: 12/14/2011) |
| 12/14/2011 | 624 | Subpoenas issued (tjoh, ) (Entered: 12/15/2011) |
| 12/20/2011 | 629 | Subpoenas (2) Returned Unexecuted as to Bobbie Ray Edwards. (bnew) (Entered: 12/21/2011) |
| 12/22/2011 | 636 | ORDER granting 620 Motion for Issuance of Subpoenas as to Bobbie Ray Edwards (10). Signed by District Judge Arenda L. Wright Allen on 12/22/2011 and filed on 12/22/2011. (bnew) (Entered: 12/22/2011) |
| 12/22/2011 | 640 | Subpoena issued. (bnew) (Entered: 01/03/2012) |
| 01/03/2012 | | Motions Hearing set for 1/9/2012 at 02:30 PM in Norfolk Courtroom 3 before District Judge Arenda L. Wright Allen. (lhow) (Entered: 01/03/2012) |
| 01/04/2012 | 641 | Two (2) Subpoenas issued. (mnew) (Entered: 01/04/2012) |
| 01/06/2012 | 661 | Subpoena Returned Executed as to Bobbie Ray Edwards. (bnew) (Entered: 01/09/2012) |
| 01/07/2012 | 656 | Proposed Jury Instructions by Bobbie Ray Edwards (Glaubke, Melinda) (Entered: 01/07/2012) |
| 01/09/2012 | 662 | Petition and Order for Writ of Habeas Corpus ad Testificandum as to Edward Alphonse Hill, Bobbie Ray Edwards, Adriane Michael Chambers, Bettina May Perry (Signed by Magistrate Judge F. Bradford Stillman on 1/9/12) & filed on 1/9/12. (mnew) (Entered: 01/10/2012) |
| 01/09/2012 | 663 | Writ of Habeas Corpus ad Testificandum Issued as to Tony Boothe for January 17, 2012 at 10:00 a.m. in case as to Edward Alphonse Hill, Bobbie Ray Edwards, Adriane Michael Chambers, Bettina May Perry. (mnew) (Entered: 01/10/2012) |

12-89

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA

<u>NORFOLK DIVISION</u>

<u>      Friday, June 8, 2012      </u>

**MINUTES OF PROCEEDINGS IN** <u>   Open Court   </u>

**PRESENT:** THE HONORABLE <u>Arenda L. Wright Allen, District Judge</u>

Deputy Clerk: <u>Lorraine Howard   </u>          Reporter: <u>Tamora Tichenor, OCR</u>

| Set: 9:00 a.m. | Started:  9:20 a.m. | Ended:  3:10  p.m. |
|---|---|---|

| |
|---|
| Case No.   4:11cr55-10 |
| **United States of America** |
| v. |
| **Bobbie Ray Edwards** |
| (Jury Trial Day #4) |
| |
| Laura Tayman present on behalf of the government. |
| Jason Dunn present on behalf of the defendant. |
| Defendant present and in custody. |
| Matter came on for Day #4 of trial with jury. |
| Government resumed presentation of evidence before jury. |
| Court read into the record and filed in open court the Joint Stipulations (2). |
| Government rested. |
| Jury excused until 9:00 a.m. Monday, 6/11/12 for continuation of jury trial. |
| Out of the presence of the jury Oral Motion for Judgment of Acquittal on all Counts by counsel for defendant.  Court ruled and FINDS sufficient evidence for case to go to jury. |
| Out of the presence of the jury, the Court and counsel reviewed the jury instructions. |
| |
| |
| Court adjourned. |

(ADDENUM 5)

13-89

Lunch Break: 12:30 p.m. to 1:30 p.m.

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA

<u>NORFOLK DIVISION</u>
<u>Monday, June 11, 2012</u>

**MINUTES OF PROCEEDINGS IN** <u>Open Court</u>

**PRESENT**: THE HONORABLE <u>Arenda L. Wright Allen, District Judge</u>

Deputy Clerk: <u>Lorraine Howard</u>          Reporter: <u>Tamora Tichenor, OCR</u>

| Set: 9:00 a.m. | Started: 9:00 a.m. | Ended: 3:35 p.m. |
|---|---|---|

Case No.    4:11cr55-10

### United States of America
v.
### Bobbie Ray Edwards
(Jury Trial Day #5)

Laura Tayman present on behalf of the government.

Jason Dunn present on behalf of the defendant.

Defendant present and in custody.

Matter came on for Day #5 of trial with jury.

Defendant presented evidence and rested before jury.

Jury excused.

Out of the presence of the jury, counsel for defendant renewed Oral Motion for Judgment of Acquittal on all counts. Court ruled and FINDS sufficient evidence for case to go to jury.

Jury received Court's charge.

Closing statements of counsel heard.

Alternate juror excused.

Jury retired with instructions to begin their deliberations, returning later with a verdict.

Special Verdict read into the record and filed in open court.

Jury polled on special verdict, all answering in the affirmative.

Jury received Court's charge re forfeiture.

Arguments heard by counsel re forfeiture.

Jury again retired with instructions to begin their deliberations re forfeiture, returning later with a verdict.

Special Verdict No. 1 read into the record and filed in open court.

Jurors excused.

Sentencing Procedures Order entered and filed in open court.

Unsigned copy of Sentencing Procedures Order furnished to defendant.

Sentencing set for October 19, 2012 at 11:00 a.m. in the Courthouse in Norfolk.

Motion of government to substitute tangible items of evidence for photos. Motion granted by the Court.

Defendant remanded to the custody of the USM.

Court adjourned.

Lunch Break: 1:05 p.m. to 2:05 p.m.


(Witness List and Exhibits List Attached)

```
1                 *****      *****      *****

2           (The jury instructions were given by the court,

3      closing arguments of the attorneys, alternate juror excused,

4      jury deliberations, jury questions, jury verdict, arguments

5      of counsel regarding forfeiture, jury verdict, jury excused,

6      and the proceedings continued as follows:)

7                 *****      *****      *****

8           THE COURT:  All right.  Mr. Edwards, I have your

9      sentencing procedure order and it's been signed by the

10     attorneys and I have signed it as well.  And it's letting me

11     know that your sentencing is going to be on October the 19th,

12     2012, at 11:00 a.m.  So we're going to put that in your

13     record.

14          Mr. Edwards, a written presentenee report will be

15     prepared by the probation office to assist the court in

16     sentencing you.  You will be asked to give information for

17     the report.  You have the right to have Mr. Dunn with you and

18     he will be present with you.

19          You are advised that you and your attorney must read

20     the presentence report which will be available at least

21     35 days prior to sentencing.  You must file a written

22     statement with the probation office at least 14 days prior to

23     sentencing setting out any objections to facts, assertions or

24     opinions contained in the presentence report.  Failure to so

25     file will constitute a waiver of your right to object.
```

(ADDENUM 7)

TAMORA TICHENOR, Official Court Reporter

STATE OF WEST VIRGINIA )
                       )
COUNTY OF PRESTON      )
                       )
_____

I, Bobbie Ray Edwards, herein after referred to as "Affiant", in good faith with full intent for preserving and promoting public confidence willingly declare and duly affirm that all statements herein are true, correct and complete to the best of my knowledge and understanding. Affiant declares the following:

(1) that Affiant was at Trail 6/8/2012 Jury Trial, proceeding held in open court before District Judge Arenda L. Wright Allen as To Bobbie Ray Edwards on 6/8/2012: Laura Tayman present on behalf of the government, Jason Dunn present on behalf of Defendant, Edwards. Defendant present and in custody (ECF # 963).

(2) Affiant heard in open court, jury present, the government give over 64 proposed jury instructions, orally aloud in open

(ADDENUM 8)

court proceeding before the jury on 6/8/2012 (ECF #963). Afterwhich, the Honorable Arenda L Wright Allen asked defense attorney Jason Dunn if he would like to add anything to the government's instructions to the jury. (The jury was still present). Attorney Dunn added 3 more jury instructions only. The judge informed the jury that they would Recieve a copy of the instructions for the jurors to read in the jury room. At that time Affiant was under the impression that the government and defense attorney had instructed the jury as to the nature and elements of the offenses Affiant was charged within the indictment. Affiant was impressed with the 64 instructions given by the government and sure the jury was also and Affiant found defense attorney Dunn's 3 instructions less impressive.

(3) Affiant as a result of research of the primary charges, drug conspiracy, aiding and abetting, Pinkerton's vicarious liability.

research lead to a question of possible "Collins error" in jury instructions

(4) Affiant for the first time in 12 years of fighting his case pro-se requested a copy of the jury instructions given in open court. the clerk of court sent a courtesy copy of the docket sheet. I was not satisfied when I could not obtain a copy from the court Reporter of the jury instructions given in court orally, aloud in open court on the charge to the jury on the elements of the offenses Affiant was charged with in the indictment in the proceeding of 6/11) 2012 (ECF # 966). What the court Reporter submitted of the Transcripts (Case 4:11-cr-00055-AWA-DEM Document 1082 filed 01/02/2013 Page 15 of 17 page ID # 10312) was by Tamora Tichenor, court Reporter an interjection, interpolated, parentize digression away from the court Reporter Act 28 USC 753(b) which states open court proceeding was to be recorded verbatim. Affiant Realized this was in

conflict with what Affiant experienced
in open court 6/8/2012 (ECF# 963
Jury Change) and day of jury charge Friday

(5) Affiant after receiving a copy of the
docket sheet noticed that the proceeding
in open court 6/8/2012 (ECF# 963) on
jury charge and the proceeding on
6/11) 2012 differed on jury charge from
what Affiant experienced. The jury charge
6/11/2012 by the Court Reporter Tamora
Ticherson was edited, doctored and
altered completely from what Affiant thought
was an open, oral and aloud jury charge
by the government, defense attorney and
written charge to be given to the jury
to read in the jury room 6/8/2012
(ECF# 963), on a Friday.

(6) The clerk of court Fernando Galindo
acknowledge through correspondence
with Affiant that the jury instructions
charged to the jury on 6/8/2012 (ECF#963)
are not part of ECF# 963 as Affiant
thought as well, compare letter from

Clerk of Court February 25, 2022, and
inadequat Transcript of proceeding
in open court. Case 4:11-cr-00055-AWA-
DEM Document 1082 Filed 01/02/13
Page 15 of 17 Page ID#10312', ECF#966

(7) Affiant realize as a result of studying
Rule 30 of the Federal Rule of Criminal
Procedure, "Once the court has indicated
which instructions it intends to give
the court must read those instructions
orally, aloud to the jury. It is insufficient
to provide a copy of the instructions
(as in the instant case) for the jurors
to read in the jury room as instructions
not read orally, aloud in court will
not be preserved for appeal. The Refusal
of the Trail court to read the elements
orally, aloud to the jury compels an
automatic reversal. People of the Territory
of Guam v. Marquez 963 F.2d 3111, 3116
(9th Cir 1992)

(8) Affiant declare That the Honorable Judge Arenda L. Wright Allen failed to give to The jury in open court orally, aloud jury instructions on the offenses charged Affiant, Edwards in The indictment on The elements of The offenses charged in The open court proceeding orally, aloud 6/8/2012 (ECF #963) nor open court proceeding orally, aloud 6/11/2012 (ECF #966).

Pursuant To 28 USC 1746, I Bobbie Ray Edwards, hereby declare under penalty of perjury That The foregoing is True and Correct

Executed this 26th day of Febuary 2023

Respectfully Submitted
Bobbie Ray Edwards
Reg# No. 10497 007.
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills, W.V.
26525

TO : TAMORA Tichenor, Court Reporter, OCR
Lorraine Howard, Deputy Clerk

8/3/22

THRU: Mark S Davis, Chief Judge
Fernando Galino, Clerk of Court

RE: Case 4:11-cr-00055-AWA-DEM Document 966
filed 06/11/12 Pag1 of 2 ID# 8008:
United States District Court, Eastern District of
Virginia, Norfolk Division, Monday, June 11, 2012
Minutes of Proceeding in Open Court
Present: The Honorable Arenda L. Wright Allen
District Judge
Deputy Clerk Lorraine Howard, Reporter Tamora Tichenor
OCR.
Set: 9:am started 9:am Ended 3:35 PM
United States of America
v.
Bobbie Ray Edwards
Jury Trial Day #5 (see Attach)

FROM: Bobbie Ray Edwards

I have Requested paid copies of the Transcripts
of the minutes of the above proceeding, on The
"Court's charge to the Jury on The elements of

the offenses charged in my indictment, made in open court by The Honorable Arenda L Wright Allen, District Judge, To redress The courts To no avail - This is a final attempt to exhaust a Required Remedy under 27 USC. 753, which Requires That proceeding in open court be Recorded "verbatim" in the court, 27 USCS § 753(b). At a minium, These records are judicial Records within The meaning of The "access rule". There is a common Law right To access federal judicial records which can be enforced by means of an ordinary law suit under 28 USC 1331. Smith v United States 956 F. 2d 647 (7th Cir. 1992).

District Courts have jurisdiction under 28 USC § 1331 over claims on federal common Law, it is not necessary to have a claim on a federal statute or provisions of the United States consititution. Even if a party has not stated a claim (cited) To 28 USCS 1331, when jurisdiction is proper district courts do not generally Reject jurisdiction just because a pro-se petitioner does not correctly; oreiginally, identify a bases. Materials in which a court Relies in determining the

litigant's rights, are judicial records, subject to the right of "public access". Also 18 USC 1512 and 18 US CS 1515 forbid tampering with an official proceeding, federal proceeding. I await your rapid response within ten days on your receipt of this memorandum before proceeding in civil court under 28 USC. 1331

Pursuant to 28 USC 1746 I Bobbie Ray Edwards Declare under penalty of perjury that the foregoing is True and correct
Executed 8/3/2022

/s/ Bobbie Ray Edwards #10497-007
U.S.P Hazelton
P.O. Box 2000
Bruceton, Mills. W.V
26525

copy Teresa Frunis
(757) 660-4517

Tamora Fichenor, Court Reporter OCR
Lorraine Howard, Deputy Clerk
Mark S. Davis, Chief Judge
Fernando Galino, Clerk of court
File"

TO: Chief Judge, Mark S. Davis,
Clerk of Court; Fernando Galino,
Court Reporter, Tamara Tichenor, OCR
Deputy Clerk, Lorraine Howard,
Deputy Clerk, D Brandt,

RE: CASE 4:11-CR-00055-AWA-DEM Document 1082
filed 01/02/13 page 15 of 17 page ID # 10312.
Minutes of Proceeding in Open Court... Present the
Honorable Arenda L. Wright Allen, District Judge
Deputy Clerk, Lorraine Howard, Reporter Tamara Tichenor, OCR
set: 9:am (started 9:am ended 3:35 P.M.
United States v. Bobbie Ray Edwards
(Jury Trial Day #5)

Subject: Inaccuracy of the Sternographic Transcripts
page 15 of 17.

From; Bobbie Ray Edwards # 10497007
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

Honorable Judge Mark S. Davis, Chief Judge

ADDENUM A

Pursuant to the minutes of the Transcripts from June 11, 2012 (ECF No. 1082) 17 pages filed 01/02/13. Page 15 of 17 pages ID# 10312 Line 1-7:

1. xxxxx        xxxxx        xxxxx
2. (The jury instructions were given by the Court,
3. Closing Arguments of the Attorney's Alternate juror excuse
4. Jury deliberations. jury questions, jury verdict, jury/ Argument
5. of Counsel regarding forfeiture, jury verdict, jury excused.
6. and the proceeding continued as follows:)
7. xxxxx        xxxxx        xxxxx

See Attached page 15

lines 2-6 are interpolations, parenthesis's noteing the interjection by the Court Reporter A digression from the Court Reporter Act 28 USC 753(b) That Requires that A Reporter (shall record verbatim (word for word) by (short hand or by mechanical means all proceeding in criminal cases had in open court." This language is clear and its requirements are mandatory. (Specifically, I am request ing the jury instructions given by the Court on the element of the offense charged in the indictment given to the Jury * The Transcript on the jury charge on the elements are inaccurate. Thus. I am requesting for a paid back up copy of the audio Tape of the proceeding of June, 11, 2012 Day 5 if the audiotapes of the proceedings exist. see, Smith v. United States, District Court officers

203 F3d 440, 2000 US. App. LEXIS 1562

Audiotapes should be deemed judical records where there is a distrust of the accuracy of the stenographic Transcript concerning the minutes of a open court proceeding on a "Charge or instructions to the jury on the elements of the offenses charged in the indictment". This position is not only consistent with the regulations and with the Statute (which requires only that the reporters original records be filed with court) but also case law which defines the rights of access as a right to those records of a proceeding that are filed in court or that, while not filed, are relied upon by a judicial officer in making a ruling or decesion Grove Fresh Distribution Inc. V. Everfresh Juice Co. 24 F.3d 893-897 (7th Cir. 1994) Smith V. United States, 956 F.2d 647. 650 (7th Cir. 1992) United State V. Corbit 879 F.2d 224, 237, (7th Cir. 1989 United States V. EL-Sayegh 327 U.S. App. D.C. 308, 131 F.3d 158, 161-62 (D.C. Cir. 1997) United States V. Amodeo, 66 F.3d 147. 145-146, (2nd Cir. 1995) of Nixon V. Warner Communication Inc. 435 U.S. 589, 55 L.Ed2d. 570, 98 S.Ct 1306 (1978), Edwards seeks audiotapes that were filled in court, if these tapes exist.

There is a common law right to access federal judicial record which can be enforced by means of an ordinary law suit under 28 U.S.C. 1331; see Smith V. United States, 956 F.2d 647, (7th Cir. 1992)

District Courts have jurisdiction under 28 USC 1331 over claims on federal common law, it is not necessary to base a claim on a federal statute or provisions of the United States Constitution. Even if a party has not stated a claim (cited) to 28 U.S.C.S. 1331, when jurisdiction is proper district Courts do not generally reject jurisdiction just because a pro-se petitioner does not originally correctly identify a bases, Materials in which a court relies in determining the litigants rights, are judicial records, subject to the right of "public access" Also 18 USC 1512 and 18 USC 1515 forbid Tampering with official judicia proceeding, federal proceeding. That is, I await your rapid response within ten days upon reciept of this exhaustion of administrative remedy before proceeding in the Courts.

Respectfully Submitted
/s/ Bobbie Ray Edwards / Bobbie Ray Edwards #10497007
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

COPIES: Teresa Frink
Ph: 757-660-4517
File:

Bobby Ray Edwards 10447007
USP Hazelton
P.O. BOX 2000
Bruceton, Mills, WV
26525

U.S. MARSHALS
INSPECTED

CLERK OF COURT FOR THE
U.S. DISTRICT COURT
FOR EASTERN DISTRICT OF VIRGINIA
600 GRANBY STREET
NORFOLK, VIRGINIA
23510

LEGAL MAIL!

